No. 37,065

THE PANHANDLE EASTERN PIPE LINE COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI, and WOODROW WINKLER, County Treasurer, *Appellees*.

(194 P. 2d 519)

Opinion filed June 12, 1948.

*D. C. Hill*, of Wamego, argued the cause and was on the briefs for the appellant.

*Oliver D. Rinehart,* of Paola, argued the cause, and *Willis H. McQueary,* of Osawatomie, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover the payment of alleged excessive and illegal taxes paid by The Panhandle Eastern Pipe Line Company, a corporation, under protest to the treasurer of Miami county on its welfare budget for the taxing year 1938.

The action was in two counts for taxes paid on December 20, 1938, and on June 15, 1939, in the respective amounts of $1,557.24.

The board of county commissioners in July, 1938, discovered the relief load had increased beyond its expectations in 1937 when it made its budget for the year 1938, and that unless it spent funds in excess of the 1938 budget it would not be able to care for the poor and destitute in accordance with state and federal requirements. Pursuant to the then existing law, G. S. 1935, 79-2935 (amended by Laws 1941, ch. 377, § 10), the board on July 15, 1938, passed a resolution declaring an emergency existed with respect to the sufficiency of the welfare fund. It authorized the present expenditure and use of the balance of the money in that fund in the sum of $12,511.83.

The county spent further funds in the year 1938 for relief of its poor. The additional money spent was $15,000 from the issuance and sale of public assistance bonds; $19,071.50 from the sales tax residue; and $36,251.64 from state and federal reimbursements, which latter amount was in excess of the amount originally anticipated as revenue from that source. No amount originally had been estimated and set up as revenue to be received from the sales tax residue. The $19,071.50 received from that source was, therefore, entirely in excess of what was originally estimated from that source. The use by the county of the funds from the sources indicated did not increase the taxes appellant paid for the year 1938. It is not contended the relief budget for 1938 required a levy in excess of that authorized by law.

We are not concerned in this action with any protest for taxes paid for the year 1939. But in view of the appellant's contention we shall consider the record of the estimated budget for that year. Were the taxes for 1939 increased by reason of the excess expenditure in the poor fund in 1938? Appellant contends they were and appellees contend they were not. Appellant points to the require-

ments listed in the estimated budget prepared prior to August 4, 1938, for the following eighteen months period, namely, from July 1, 1938, to December 31, 1939. That estimated budget contained an item, to wit: "1938 Requirements in excess of budget, $50,-869.69." Appellant argues the taxes collected from it for such excess is illegal. It is true the budget for that period did reflect the above mentioned item. The record, however, does not show the county added to its 1939 welfare budget the excess spent in the year 1938. The purpose for including the item was to show the estimated expenditures for the remainder of the year 1938, to show by how much the estimate for the year 1938 had been short, and to indicate that it was necessary to raise the 1939 budget accordingly.

It also may be stated the county originally proposed a 1939 budget for $115,000 but the state board of social welfare, pursuant to G. S. 1939 Supp. 39-713 (g), increased the welfare budget to $160,580. The levy made to collect that amount was not in excess of the amount authorized by law.

It will serve no useful purpose to set forth the various exhibits contained in the record. An examination thereof and of the oral testimony does not support appellant's contention the 1938 taxes were illegal.

The appellee argues appellant has not pursued its proper remedy and is entitled to no redress. We need not pursue the contention. Assuming the remedy employed was proper the judgment must be affirmed. It is so ordered.

COWAN, J., not participating.